**MILES METAL CORPORATION,
Plaintiff-Appellant,**

v.

**M. S. HAVJO, her engines, etc.,
and
A/S Havbor (Meyer Line),
Defendant-Appellee.**

**No. 546, Docket 73-2243.**

United States Court of Appeals,
Second Circuit.

Argued Feb. 22, 1974.

Decided March 28, 1974.

---

**564**

John T. Kochendorfer, New York City (Bigham, Englar, Jones & Houston, New York City, on the brief), for appellant.

Albert S. Commette, New York City (Commette, Quencer & Annunziato, New York City, on the brief), for appellee.

Before LUMBARD, FRIENDLY, and TIMBERS, Circuit Judges.

LUMBARD, Circuit Judge:

Plaintiff appeals from a judgment of the Southern District of New York, limiting to $500 its recovery for the loss of a shipment of goods that was to be carried by defendant from New York to Rotterdam aboard the M.S. "Havjo." We reverse.

On July 2, 1969, the Miles Metal Corporation delivered to the defendant steamship line, A/S Havbor, for carriage aboard the M.S. "Havjo", a pallet consisting of twenty boxes containing cadmium metal balls. The cargo was accepted by the defendant at the 36th Street Pier in Brooklyn, New York, and a dock receipt was issued. It was agreed that the goods would be carried aboard the M.S. "Havjo" to Rotterdam in consideration for a specified freight charge. The following day, the defendant issued an on board bill of lading. Subsequently, Miles Metal negotiated the sale of the bill of lading to the plaintiff, Leigh & Sillivan, Ltd., headquartered in London. When the M.S. "Havjo" arrived in Rotterdam, however, no trace of the pallet could be found.

Miles Metal, for whom Leigh & Sillivan was subsequently substituted as plaintiff, brought this action in admiralty against A/S Havbor, seeking damages of $8,146.17, the value of the cargo of cadmium balls. In its answer, the defendant maintained that the cargo had been loaded aboard the M.S. "Havjo" and that its liability was thus limited to $500 as provided by the Carriage of Goods by Sea Act, 46 U.S.C. § 1304(5). Although there was no evidence that a tally of cargo had been made on board the M.S. "Havjo" prior to departure and there was no record of possible delivery of the pallet to another port, Judge Metzner concluded that the bill of lading, stamped "on board," was *prima facie* evidence that the cargo had, in fact, been stowed on the ship and that liability was therefore limited to $500. We disagree.

The rule of admiralty law which the federal courts have consistently applied in cases involving loss of goods by ocean carrier is that a "bailor makes out a *prima facie* case merely by showing delivery of the goods to the bailee and failure to return at the required time." Leather's Best v. S. S. Mormaclynx, 451 F.2d 800, 812 (2d Cir. 1971). It is then the duty of the bailee to come forward with sufficient evidence to overcome this inference. The reason for this allocation of the burden of proof is that

[W]here breach of duty is the issue, the law takes into account the relative opportunity of the parties to know the fact in issue and to account for the

loss which it is alleged is due to the breach. ... [T]he bailee in general is in a better position than the bailor to know the cause of the loss and to show that it was one not involving the bailee's liability .... Commercial Molasses Corp. v. New York Tank Barge Corp., 314 U.S. 104, 111, 62 S.Ct. 156, 161, 86 L. Ed. 89 (1941).

Here the bailee, A/S Havbor, was in the better position to establish whether the pallet had actually been loaded on board the M.S. "Havjo," since it had acquired possession of the pallet from Miles Metal at dockside and was solely responsible for loading the cargo. It could have established that the pallet had been loaded by introducing into evidence items such as the talley of the ship's cargo immediately prior to departure or a record of the stowage area in which the pallet had been placed on board.

 As it was the defendant produced no evidence whatever to show that the pallet was ever placed on board. Instead, the defendant chose to rely solely on the on board bill of lading as *prima facie* evidence that the pallet had been placed aboard the M.S. "Havjo." The Carriage of Goods by Sea Act, 46 U.S.C. § 1303(4), makes a bill of lading issued by the carrier prima facie evidence merely of the receipt of the goods. Section 1303(7), dealing with "shipped" bills of lading, does not say that the issuance of such a bill constitutes prima facie evidence of shipment, although we have held that it estops the carrier from denying this. Olivier Straw Goods Corporation v. Osaka Shosen Kaisha, 27 F. 2d 129 (2d Cir. 1928). While such a bill of lading is admissible as evidence under the business records statute, 28 U.S.C. § 1732(a), see Stein Hall & Co., Inc. v. S. S. Concordia Viking, 494 F.2d 287, 291 (2d Cir. 1974), it cannot properly be given the weight which the district judge here assigned to it. Were the on board bill of lading to be accorded the evidentiary weight that the defendant here claims for it, negligent, if not fraudulent behavior, on the part of carriers would be encouraged. By simply stamping the bill of lading "on board," even before the goods had been loaded, the carrier could effectively extend the $500 liability limitation for cargo already on board a ship, 46 U.S.C. § 1304(5), to goods in its possession at dockside. It would be virtually impossible for the shipper or the purchaser of the negotiable bill of lading, who in most cases would have had no contact with the goods after delivery to the carrier at dockside, to overcome the inference arising from the term "on board" stamped on the bill of lading.

Moreover, consignees, banks financing purchase of goods and companies insuring the goods often require on board bills of lading for the very purpose of protecting themselves against dockside risks, such as losses resulting from theft, fire, or delay in shipment. In light of this, "there should be no sanction for an easy, unreliable practice of issuing bills which purport to be on-board bills, when merchandise has been delivered to the carrier, but has not been shipped." Olivier Straw Goods v. Osaka Shosen Kaisha, 27 F.2d 129, 134 (2d Cir. 1928).[1]

Accordingly, we reverse the judgment of the district court and direct that judgment be entered for the full value of the cargo.

1. The cases relied on by the defendant, Kupfermann v. United States, 227 F.2d 348, 349 (2d Cir. 1955) ; Horn v. Cia de Navegacion Fruco, S.A., 404 F.2d 422, 435 (5th Cir. 1968), cert. denied, 394 U.S. 943, 89 S.Ct. 1272, 22 L.Ed.2d 477 (1969), and General Foods Corp. v. The Felipe Camarao, 2 Cir., 172 F.2d 131, cert. denied, Republic of United States of Brazil v. General Foods Corp., 337 U.S. 908, 69 S.Ct. 1047, 93 L.Ed. 1720 (1949), are inapposite. *Kupfermann* and *Horn* simply endorse the proposition that a clean on board bill of lading is *prima facie* evidence of the receipt of goods by the carrier in good condition. *General Foods* held that a purchaser did not waive its right to a recovery from a carrier for a short delivery when it agreed to hold its claim in abeyance subject to the delivery of the remainder of the goods by a second vessel.